**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1184**

YING YANG-MEI, a/k/a Hui Jiang Liu,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  July 31, 2013         Decided:  October 7, 2013

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Michael J. Campise, FERRO & CUCCIA, New York, New York, for
Petitioner.  Stuart F. Delery, Acting Assistant Attorney
General, Leslie McKay, Assistant Director, Kristofer R.
McDonald, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ying Yang-Mei, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum and withholding of removal. We have thoroughly reviewed the record, including the U.S. Department of State's International Religious Freedom Report 2010 for China, the transcript of Yang-Mei's merits hearing, and Yang-Mei's asylum application and supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2006), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Accordingly, we deny the petition for review for the reasons stated by the Board. See In re: Yang-Mei (B.I.A. Jan. 11, 2013).[*] We dispense with oral argument because the facts and

---

[*] To the extent that the Board misstated the standard of review by referring to the "likelihood" of future harm, we note that the Board properly cited 8 C.F.R. § 1208.13(b)(2) (2013) (setting forth "reasonable possibility" standard) and several cases discussing the standards for establishing a well-founded fear of persecution. We therefore conclude that any resulting error was harmless. See Djadjou v. Holder, 662 F.3d 265, 279 (4th Cir. 2011) ("We need not reverse the agency's decision if we determine that an error clearly had no bearing on the procedure used or the substance of the decision reached."), cert. denied, 133 S. Ct. 788 (2012).

2

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED